# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| JON MICHAEL BRYAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-03128-CV-S-LMC |
| | ) | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b). (Doc. #26.) Counsel seeks attorney's fees in the amount of $17,206.98 for work performed before this Court. The Commissioner states that she "neither supports nor opposes counsel's request for attorney's fees in the amount of $17,206.98" and points out that this Court must make an independent determination of the reasonableness of the fee request pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817 (2002). (Doc. #29.)

## I.    PROCEDURAL BACKGROUND

Plaintiff filed an application for disability insurance benefits and supplemental social security on September 24, 2017, alleging a disability onset date of February 10, 2017. (Doc. #10-1 at 18, 229, 231; Tr. at 14, 225, 227.) Following a hearing, his request was denied by an Administrative Law Judge (ALJ). (Doc. #10-1 at 28; Tr. at 24.) The Appeals Council denied his request for review, and an appeal was taken to this Court. (Doc. #10-1 at 5; Tr. at 1; Doc. #3.) On May 5, 2021, this Court reversed the decision of the ALJ and remanded the case for further

1

proceedings. (Doc. #18.) Thereafter, the Court awarded counsel attorney's fees pursuant to the Equal Access to Justice Act (EAJA) in the amount of $5,719.50. (Doc. #23.)

On remand, the ALJ, issued a fully favorable decision finding Plaintiff disabled as of February 10, 2017. (Doc. #26-3 at 8.) Plaintiff's past due benefits were calculated to be $97,627.90, and from this amount the Commissioner withheld $24,406.98 for attorney's fees. (Doc. #26-4 at 3.) Counsel was awarded $7,200.00 for work performed at the administrative level. (Doc. #26-4 at 3.) Thus, counsel requests that he be awarded $17,206.98 for work before the Court. (Doc. #26.) Counsel acknowledges that should the Court grant the pending motion for attorney's fees in the amount of $5,719.50, then the attorney's fees previously awarded under the EAJA will be refunded to plaintiff. (Doc. #26-1 at 12.)

II. ATTORNEY'S FEES PURSUANT TO 42 U.S.C.§ 406(b)

The statute governing the award of court-approved attorney's fees in social security cases states in relevant part that:

> (b) Fees for representation before court
> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). The twenty-five percent statutory maximum is not an automatic entitlement. The court must ensure that the fee requested is reasonable. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828 (2002). In *Gisbrecht*, the Court observed that the statute "calls for court review of such arrangements [contingent fee] as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. Courts may appropriately reduce an attorney's recovery based on the character of the representation or if the benefits are large in comparison to the amount of time counsel spent on the case. *Id.* at 808. This Court recognizes

"that a lawyer's risk of not getting paid for taking a Social Security appeal on a contingency basis is very high." *Bear v. Astrue*, 544 F. Supp. 2d 881, 884 (D. Neb. 2008) (awarding counsel $10,288.50 for 29.4 hours of work pursuant to section 406(b).)

Plaintiff and his counsel entered into a contingency fee contract, wherein counsel would receive 25% percent of back benefits recovered. (Doc. #26-5.) The Court recognizes that Plaintiff's counsel is an experienced attorney who specializes in social security disability cases and who has worked on this case for an extended period of time. Counsel submitted time records indicating 27.90 hours of time spent by counsel on this matter. (Doc. #26-6.) Counsel obtained an outstanding result, obtaining back pay for Plaintiff. Furthermore, the requested amount is in line with cases that find reasonableness by factoring the hourly rate by 2.8 to account for the statistical likelihood of success in contingency fee cases. *Whitehead v. Barnhart*, 2006 WL 910004, at *2 (W.D. Mo. Apr. 7, 2006).

In the circumstances of this case, the Court finds that an award of $17,206.98 for attorney's fees pursuant to 42 U.S.C. § 406(b)(1)(A) is reasonable within the meaning of the statute and case law. For the reasons discussed herein, it is

ORDERED that Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. #26) is granted and pursuant to 42 U.S.C. § 406(b)(1)(A), attorney's fees of $17,206.98 are awarded to Plaintiff's counsel from the fund being held by the Social Security Administration. It is further

ORDERED that counsel shall refund $5,719.50 to Plaintiff, which is the amount this Court previously awarded pursuant to the Equal Access for Justice Act.

    */s/ Lajuana M. Counts*
Lajuana M. Counts
United States Magistrate Judge